John P. Trollinger v. Amarillo Savings & Loan Company et al.

Decided June 1, 1907.

**Building and Loan Company—Breach of Contract—Deceit—Pleading.**

In a suit against a building and loan association for false representations as to ability to loan money to its members and for breach of contract to loan money, pleading considered, and held sufficient as against a general demurrer.

Appeal from the County Court of Potter County. Tried below before Hon. Sam. R. Merrill.

*Gustavus, Bowman & Jackson,* for appellant.

*H. H. Cooper,* for appellee.

SPEER, Associate Justice.—John R. Trollinger, who was plaintiff in the County Court appeals from a judgment sustaining a general demurrer to his petition, the charging part of which is as follows:

"That heretofore, to-wit: on or about ...... day of .........
A. D., ...... defendant, the Amarillo Savings & Loan Company, was incorporated under the laws of the State of Texas, with its principal place of business in Amarillo, Potter Co., Texas, as a building and loan company, for the purpose of loaning money to its members and assisting them to build and improve homes, said members to become shareholders in said company and have issued to them certificates of stock, upon which they would pay certain sums per month, and pay up and mature their stock, and discharge any loans extended to them, upon periodical installment payments, and defendant represented that it intended and expected to do a general building and loan association business; that defendant was incorporated with an authorized capital stock of $15,000, the whole of which amount, as plaintiff is informed and alleges the fact to be, was subscribed and could have been collected and become assets of defendant company, in carrying on and transacting the business and purpose for which it was incorporated; that on or about April, 1904, the defendant, The Amarillo Savings & Loan Company, acting through its officers, agents and representatives, fraudulently represented to the public, plaintiff and those whose claims he has and upon which he sues herein, that said defendant company had abundant money, means and resources to make loans to members desiring to build and con-

struct homes, that loans could immediately be made, and that payments could be made easily in small periodical installments, and by such fraudulent misrepresentations, relying thereupon and believing the same to be true, induced plaintiff, and defendants, L. E. Magnenat and W. A. Watkins to subscribe to the building stock for building purposes, as is more particularly hereinafter set forth.

"That plaintiff, and defendants, Magnenat and Watkins, desiring to build and erect homes and being induced by defendant company to believe that it would make each of them respectively loans in such amounts as they desired, upon reasonable terms, rate of interest, payable in small monthly payments, upon their each becoming shareholders in defendant company, and relying upon said representations, plaintiff and defendant L. E. Magnenat on or about April, 1904, made application to defendant company to become shareholders therein and have issued to them, respectively, certificates of stock in defendant company, and thereupon defendant company issued to plaintiff its certificate No. 5, for ten shares of defendant company's stock, upon which he was required to pay the sum of five dollars per month, and to defendant L. E. Magnenat defendant company issued its certificate No. 7, for eighty shares of said stock, upon which he was required to pay the sum of forty dollars per month; that defendant W. A. Watkins, relying upon and believing the representations of defendant company above set out, as to its solvency, ability to make loans, etc., purchased of Chas. Tallison, who was the owner thereof, certificate No. 3, for twenty shares of defendant company's stock. which was duly transferred to defendant Watkins upon the books of defendant company; that plaintiff paid to defendant company upon stock issued to him, for May, June and July, 1904, $5 per month, $15; that defendant, L. E. Magnenat, paid to defendant company upon stock issued to him, for May, June and July, 1904, $40 per month, total $120.

"That Chas. Tallison paid on stock issued to him, two payments, $11 each, and thereafter defendant W. A. Watkins paid thereon to defendant company three monthly payments of $11 each, making a total of $55.

"That defendant company at the time the representations aforesaid were made, did not have money to make loans to members, and did not have the means or resources to loan to and assist its members in building and erecting homes, and was never able to make but two loans, and after plaintiff said Magnenat and Watkins became members and subscribers to its stock, ceased to carry on the purpose for which it was organized and abandoned the business of loaning money to its members, and breached the contract with its members, and for said misrepresentations, abandonment of business, cessation of purposes of incorporation and breach of contract, became liable and bound unto each member to refund and pay back to each of them the amounts paid by each of them respectively, upon certificates of stock issued by defendant.

"That defendants, L. E. Magnenat and W. A. Watkins, have each sold, assigned and made over to plaintiff their respective accounts,

claims and demands against defendant company, and plaintiff is the legal owner of said accounts, claims and demands, and here sued for, the amount paid by him, $15, amount paid by L. E. Magnenat, $120, and amount paid by Chas. Tallison and defendant W. A. Watkins, $55, total $190, with six per cent interest thereon per annum from the date said sums were paid to defendant company.

"Plaintiff alleges that the said L. E. Magnenat and W. A. Watkins represented to him in the sale of the accounts claimed by them against defendant company, that said accounts were just, due and subject to no offsets by defendant company, and that they were not indebted to defendant in any sum, and had not breached their contracts as shareholders of defendant company in any respect, and that plaintiff acquired said accounts relying upon and believing said representations, and should defendant company have a valid defense to said claims of said Magnenat and Watkins and the court deny him a recovery thereon, then plaintiff should have judgment over and against said defendants Magnenat and Watkins, for all damages sustained by him in the purchase of said accounts.

"Plaintiff further alleges that the certificates of stock issued to him, said L. E. Magnenat and Chas. Tallison and transferred to W. A. Watkins, as well as the pass books containing receipts and entries of monthly payments made on said stock, were destroyed by fire on March 11, 1906, in the office of Gustavus, Bowman & Jackson, in the town of Amarillo, Texas, and secondary evidence will be offered on the trial of this cause to prove the issuance of said stock, contents, payments of monthly dues, etc.

"Wherefore, the defendants having all answered herein and being before the court, plaintiff prays that he have judgment against defendant, The Amarillo Savings & Loan Company, for the sum of one hundred and ninety dollars, with interest thereon from the 1st day of July, 1904; for costs of suit, and such other relief, general and special in law or equity to which he may be entitled, and in the event his accounts of L. E. Magnenat and W. A. Watkins sued for by him should for any reason not be allowed, he prays for judgment against said Magnenat and Watkins for the amount he may show himself entitled."

The sole counter proposition upon which appellee seeks to support the judgment is: "It was the duty of appellant to allege the terms of his contract and the terms of the contract of each of the persons whose claims had been assigned to him, together with the facts showing that they had each complied with the terms thereof and that the appellee company had breached such contract, in order to admit proof under such allegations that would establish a breach of such contract, and failing in this, the general demurrer was properly sustained." Interpreted in the light of his accompanying statement, appellee's proposition involves the contention that appellant's petition should allege that he or the other persons whose claims he held by assignment, had made an application to borrow from appellee, which had been rejected, or that it should have alleged the exact terms of his contract to borrow, giving the amount, time, terms of repayment, manner of securing, etc., in order

that the court might determine whether or not appellee had breached its contract to loan. But as we interpret appellant's petition, it measures to the standard of the abstract proposition contained in the counter proposition quoted, when it showed that he and his assignors were induced by the false and fraudulent representations of appellee as to existing facts affecting the subject matter of their contract, to subscribe for its stock. The petition shows that appellant and the other subscribers were induced by these false and fraudulent representations to subscribe for stock in what they understood to be a solvent and going concern, which was especially ready and willing to make loans to such of its members as desired to borrow. Upon proof of this fact and the further fact that such representations were untrue, appellant would be entitled to recover according to the prayer of his petition. Hunter v. International Loan Association, 24 Texas Civ. App., 457; Parks v. Kribs, 24 Texas Civ. App., 663; Robinson v. Dickey, 14 Texas Civ. App., 72. It was altogether unnecessary for appellant to allege that he had applied for a loan, or that in the beginning the parties had agreed upon the terms of a loan subsequently to be made to him, since the fraud of appellee in falsely representing itself to be a loan association ready and able to make loans to its members, thereby inducing his subscription to its stock, would entitle him to recover as for deceit.

The judgment of the County Court is therefore reversed and the cause remanded for trial on the merits.

*Reversed and remanded.*